UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARLENE BELL-BABINEAUX,

Plaintiff,

v. CASE NO. 8:12-CV-2153-T-17AEP

STATE OF FLORIDA
DEPARTMENT OF JUVENILE
JUSTICE,

Defendant.

_______________________________/

ORDER

This cause is before the Court on:

Dkt. 31 Amended Motion to Dismiss Second Amended Complaint

In the Second Amended Complaint, Plaintiff seeks to recover actual damages of $750,000.00, and punitive damages of $1,000,000.00 for the alleged discriminatory actions Defendant exhibited toward Plaintiff. Plaintiff Bell-Babineaux was employed by Defendant State of Florida Department of Juvenile Justice from 1980 until June, 2011.

I. Dkt. 19 Second Amended Complaint

Plaintiff alleges that Defendant illegally terminated her employment. Plaintiff further alleges that Defendant denied Plaintiff promotions in retaliation for Plaintiff's criticism of alleged unfair practices, and that Plaintiff reported the incidents of disparate treatment to her immediate supervisor and her superiors. Plaintiff further alleges that her supervisor, Adonis Miles, sexually harassed Plaintiff, but Plaintiff did not report the alleged sexual harassment due to fear of additional retaliation. Plaintiff alleges that

acts of retaliation and harassment intensified in Fall, 2010, when Plaintiff received a written reprimand. Plaintiff further alleges that her supervisor, Adonis Miles, later recommended disciplinary action in the form of termination of employment, but Plaintiff received only a one-day suspension.

Plaintiff alleges that the continuing stress caused severe emotional distress and physical illness, such that Plaintiff entered Defendants Employee Assistance Program. Defendant's EAP representative and Plaintiff's physician recommended that Plaintiff take an FMLA leave of absence. Plaintiff's physician further recommended short term disability leave, and in Spring, 2011 Plaintiff's physician requested approval to move Plaintiff from FMLA status to a short term disability leave because of the expectation that Plaintiff would be able to return to work in July, 2011. In response to the request of Plaintiff's physician, Plaintiff alleges that Defendant terminated her employment for a false reason, and that additional leave was extended to other similarly situated employees.

Plaintiff alleges the following violations:

1. First Amendment right to freedom of speech;

2. Retaliation for speaking out against sexual harassment, and for reporting misconduct and illegal conduct by Defendant with respect to hiring and other unfair practices. Retaliation was Defendant's denial of promotions and termination of Plaintiff's employment.

3. Violation of ADA by denying Plaintiff the opportunity to return to work with the necessary accommodations that would have allowed Plaintiff to perform her work. Plaintiff completed Defendant's "Fit for Duty" form and returned it to Defendant on June 2, 2011.

4. Violation of Family Medical Leave Act by Defendant's failure to reinstate Plaintiff to same or equivalent position, and terminated Plaintiff's employment at the conclusion of Plaintiff's leave, for an illness that is protected under the FMLA. Defendant extended additional leave to other

employees but denied it to Plaintiff. Defendant caused Plaintiff to lose wages, medical benefits, and participation in DROP.

5. Violation of Florida Civil Rights Act of 1992, Ch. 760, by discriminating against Plaintiff on the basis of age, making disparaging remarks regarding Plaintiff's age.

6. Violation of Age Discrimination in Employment Act, by making defamatory remarks about Plaintiff's age;

7. Violation of Title VII, sexual harassment which created a hostile work environment, repeated acts of sexual harassment which were severe and pervasive, directed to Plaintiff and other women in the workplace;

8. Violation of Health Insurance Portability and Accountability Act of 1996 ("HIPAA"); Defendant did not maintain Plaintiff's medical records in a confidential manner; protected health information was put in the hands of staff members who should not have had access, and inappropriately disposed of. Defendant did not notify Plaintiff of the breach of confidentiality and that Plaintiff's personal information was exposed to others.

II. Standard of Review

A. Fed. R. Civ. P. 12(b)(6)

"Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required, Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007), but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," Id., at 570. A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556. Two working principles underlie Twombly. First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. Id., at 555. Second, only a complaint that states a

plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense. Id., at 556. A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1955-1956 (2009)(quoting Bell Atlantic v. Twombly, 550 U.S. 544 (2007).

B. Fed. R. Civ. P. 12(b)(1)

Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms: "facial attacks" and "factual attacks." Facial attacks on the complaint "require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true. Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990). Where a factual attack challenges the existence of subject matter jurisdiction, the Court may consider matters outside the pleadings. The Court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. See Lawrence v. Dunbar, 919 F.2d 1525 (11th Cir. 1990). Where a factual attack implicates an element of the cause of action, the Court should find that jurisdiction exists and deal with the objection as a direct attack on the merits of plaintiff's case, proceeding under Rule 12(b)(6) or Rule 56. The exceptions to this rule are narrowly drawn, and are intended to allow jurisdictional dismissals only in those cases where the federal claim is clearly immaterial or insubstantial. See Williamson v. Tucker, 645 F.2d 404 (5th Cir.), cert.

denied, 102 S.Ct. 396 (1981).

C. Pro Se Pleadings

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). Although pro se pleadings are liberally construed, the Court requires pro se litigants to conform to procedural rules. Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007)

III. Amended Motion to Dismiss

Defendant moves to dismiss the Second Amended Complaint as follows:

1. The Second Amended Complaint does not comply with Fed. R. Civ. P. 8(a). It is unclear which factual allegations Plaintiff relies on to support each cause of action Plaintiff asserts. Defendant cannot adequately respond to the Second Amended Complaint;

2. Plaintiff has not sufficiently alleged jurisdiction, and does not allege where the violations occurred;

3. Plaintiff does not allege when each alleged violation occurred;

4. Plaintiff's claims under the ADEA, ADA, FMLA, FCRA and First Amendment should be dismissed on the basis of Eleventh Amendment immunity from suit;

5. Plaintiff's claims under Title VII, ADEA, ADA, and FCRA should be dismissed on the basis of failure to exhaust administrative remedies;

6. Plaintiff's claim under HIPAA should be dismissed because there is no private right of action.

The Court notes that Plaintiff has not filed a response in opposition to Defendant's Amended Motion to Dismiss, and it is past the time for a response to be filed. Plaintiff did not request an extension of time. Although Plaintiff is proceeding pro se, Plaintiff has filed other motions in this case to seek relief. The Court has taken

the Amended Motion to Dismiss to be unopposed.

A. Eleventh Amendment Immunity

Under the Eleventh Amendment of the United States Constitution, a nonconsenting state is immune from suit in federal court by the state's citizens. In this case, Defendant seeks dismissal of Plaintiff's claims under the ADEA, ADA, FMLA, FCRA and First Amendment based on Eleventh Amendment immunity. Defendant relies on Pennhurst v. State School & Hosp. v. Halderman, 465 U.S. 89, 98 (1984)(Eleventh Amendment bars state law claims under pendent jurisdiction); Kimel v. Florida Board of Regents, 120 S.Ct. 631 (2000)(states entitled to Eleventh Amendment immunity from suits by private citizens in federal court under ADEA); Board of Trustees of University of Alabama v. Garrett, 121 S.Ct. 955 (2001)(abrogating Kimel v. State Bd. of Regents that Congress effectively abrogated States' Eleventh Amendment sovereign immunity from suit under ADA); and Coleman v. Court of Appeals of Maryland, 132 S.Ct. 1327 (2012)(Congress did not validly abrogate states' sovereign immunity from suit for money damages in enacting FMLA's self-care provision).

As to Plaintiff's claim under the First Amendment, Defendant presumes that the Court's jurisdiction is pursuant to 42 U.S.C. Sec. 1983, and argues that a State or State Agency is not a "person" against whom a Sec. 1983 claim can be brought. Will v. Michigan Dept. of State Police, et al., 109 S.Ct. 2304 (1989).

The Eleventh Amendment precludes suits by citizens against their own States in federal court. Miccosukee Tribe of Indians v. Florida State Ath. Comm'n, 226 F.3d 1226, 1231 (11th Cir. 2000). For purposes of the Eleventh Amendment, a "state" includes certain state agents and state instrumentalities, Shands Teaching Hosp. & Clinics, Inc. v. Beech St. Corp., 208 F.3d 1308, 1311 (11th Cir. 2000), and state officials sued in their official capacities. McMillian v. Monroe County, 520 U.S. 781, 785 (1997).

The Eleventh Amendment bars such suits in federal court unless the State consents or waives its immunity. Stevens v. Gay, 864 F.2d 113k 114 (11th Cir. 1989).

The Court notes that Congress has not abrogated Eleventh Amendment immunity for states in 42 U.S.C. Sec. 1983 cases. Quern v. Jordan, 440 U.S. 332, 338 (1979). The Florida Legislature has not waived Eleventh Amendment immunity. Gamble v. Florida Dep't of Health & Rehabilitative Servs., 779 F.2d 1509, 1515 (11th Cir. 1986)(discussing Fla. Stat. Sec. 768.28).

Because the Eleventh Amendment represents a constitutional limitation on the federal judicial power established in Article III, federal courts lack jurisdiction to entertain claims that are barred by the Eleventh Amendment. See Vermont Agency of Natural Res. v. United States, 529 U.S. 765, 778 (2000). Unlike most subject matter jurisdiction issues, which cannot be waived by the parties and must be raised by a court on its own initiative, the Eleventh Amendment does not automatically deprive a court of original jurisdiction. Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 389 (1998). The Eleventh Amendment grants the State a legal power to assert a sovereign immunity defense should it choose to do so. Schacht, 524 U.S. at 389.

In the Second Amended Complaint, Plaintiff has not asserted any claims against individuals, in their individual or official capacities. Plaintiff seeks an award of actual and punitive damages against Defendant State of Florida Department of Juvenile Justice, but not prospective injunctive relief. Defendant State of Florida Department of Juvenile Justice has chosen to assert Eleventh Amendment immunity to bar Plaintiff's claims. After consideration, the Court grants Defendant's Motion to Dismiss the above claims on the basis of Eleventh Amendment immunity.

B. Exhaustion of Administrative Remedies

Defendant moves to dismiss Plaintiff's claims under Title VII, the ADEA, the ADA and the FCRA for failure to exhaust administrative remedies.

Plaintiff has asserted claims under Title VII, the ADEA, the ADA, and the FCRA. Plaintiff has also asserted a retaliation claim which may be included with Plaintiff's Title VII claim. However, Plaintiff does not allege that Plaintiff filed a Charge of Discrimination with the EEOC as to the Title VII, ADEA, ADA and FCRA claims, or with the Florida Commission on Human Rights, as to the FCRA claim. In order to litigate a claim for discrimination under Title VII, the ADEA or the ADA, a plaintiff must first exhaust administrative remedies, beginning with the filing of a charge of discrimination with the EEOC. Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001). The charge must be filed with the EEOC within 300 days after the alleged unlawful practice occurred. As to Plaintiff's FCRA claim, a charge must be filed with the EEOC or state fair-employment-practice commission within 365 days of the alleged unlawful employment practice, pursuant to Sec. 760.11, Fla. Stat.

Since Plaintiff does not allege the exhaustion of administrative remedies, the Court grants Defendant's Motion to Dismiss as to Plaintiff's Title VII claim. Plaintiff's ADEA, ADA and FCRA claims were dismissed on the basis of Eleventh Amendment immunity.

C. No Private Right of Action

Defendant seeks dismissal of Plaintiff's HIPAA claim because there is no private right of action.

Defendant relies on Acara v. Banks, 470 F.3d 569 (5th Cir. 2006), and other authorities which hold that HIPAA did not create a private right of action. The Court notes Sneed v. Pan American Hosp., 370 Fed. Appx. 47, 50 (11th Cir. 2010)(unpublished)(declining to hold HIPAA creates a private cause of action or rights enforceable through Sec. 1983); Crawford v. City of Tampa, 397 Fed. Appx. 621 (11th Cir. 2010)(unpublished)(no private right of action, citing Acara) and Bradley v. Pfizer, 440 Fed. Appx. 805 (11th Cir. 2011)(unpublished)(no private right of action, citing Acara).

After consideration, the Court grants Defendant's Motion to Dismiss Second Amended Complaint as to Plaintiff's HIPAA claim.

D. Retaliation

In the general factual allegations, Plaintiff allege that Plaintiff believes she was not hired for positions for which she had applied and for which she was qualified, and was more qualified than the candidate hired, due to Plaintiff's previous exercise of First Amendment rights through reports to the governing Program Office for Circuit against Defendant. (Dkt. 19, p. 4). In the allegations specifically identifying Defendant's alleged violations, Plaintiff alleges that Plaintiff experienced retaliation as a result of her exercise of free speech rights by speaking out against the sexual harassment of a superior, and for reporting alleged misconduct and illegal conduct by Defendant with respect to hiring and other unfair practices. Plaintiff further alleges that Defendant retaliated by denying Plaintiff promotions and by discharging Plaintiff from her employment and refusing to rehire her. It is unclear whether Plaintiff intended to assert a retaliatory discharge claim as a violation of First Amendment rights under Sec. 1983, or as part of Plaintiff's Title VII claim.

The Court has dismissed Plaintiff's Section 1983/First Amendment claim on the basis of Eleventh Amendment immunity, and has dismissed Plaintiff's Title VII claim for failure to exhaust administrative remedies. In the event that Plaintiff is able to cure the failure to exhaust administrative remedies as to Plaintiff's Title VII claim, Plaintiff shall allege facts explaining what statutorily protected activity in which Plaintiff engaged, when the statutorily protected activity took place, what adverse employment action Plaintiff suffered, and how the adverse employment action was causally related to the statutorily protected activity.

E. Title VI

In Plaintiff's allegations as to jurisdiction, Plaintiff refers to the Title VI prohibition against exclusion from participation in, denial of benefits of, and discrimination under Federally assisted programs on the basis of race, color or national origin. It is unclear to the Court how Title VI supports any of the claims Plaintiff has asserted in the Second Amended Complaint.

E. Procedural Deficiencies

The Court reminds Plaintiff that Plaintiff is subject to the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. The Second Amended Complaint does not comply with Fed. R. Civ. P. 8(a). It does not identify which factual allegations support each separate claim. In the event that Plaintiff files another amended complaint, Plaintiff shall separate each claim into a separate count, and shall identify the relief sought in each separate count. Plaintiff is directed to comply with Fed. R. Civ. P. 8(a) and Fed. R. Civ. P. 10(b), and failure to do so may have adverse consequences. Accordingly, it is

Case No. 8:12-CV-2153-T-17AEP

**ORDERED** that the Amended Motion to Dismiss Second Amended Complaint is **granted** as follows:

1. Plaintiff's ADEA, ADA, FMLA, FCRA and Sec. 1983 (First Amendment) claims are dismissed on the basis of Eleventh Amendment immunity;

2. Plaintiff's Title VII claim is dismissed for failure to exhaust administrative remedies;

3. Plaintiff's HIPAA claim is dismissed because there is no private right of action available under the statute.

In the event that Plaintiff is able to amend the Second Amended Complaint to allege exhaustion of administrative remedies as to Plaintiff's Title VII claim, Plaintiff shall seek leave to file an amended Complaint within fourteen days. If no motion is filed, this case will be closed.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 24 day of January, 2014.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record